1

2

3

4

5

6

7                          **UNITED STATES DISTRICT COURT**

8                               **DISTRICT OF NEVADA**

9

10   JEFFREY FEGERT,

11           Plaintiff,                           Case No. 2:12-CV-00967-KJD-VCF

12   v.                                           **ORDER**

13   JPMORGAN CHASE BANK, N.A. d/b/a
     CHASE BANK, an Illinois Corporation;
14   DOES I through X; and ROE
     CORPORATIONS I through X, inclusive,
15
             Defendants.
16

17           Before the Court is Plaintiff Jeffrey Fegert's ("Fegert") Motion for Summary Judgment (#24).

18   Defendant JPMorgan Chase Bank ("Chase") opposed the Motion (#28) and Plaintiff replied (#32).

19   I. Background

20           This claim deals with three loans made by Chase Bank ("Chase") to Plaintiff Jeffrey Fegert

21   ("Fegert"). The first loan ("Loan 0448") concerns a local property, 1709 Cypress Manor Drive,

22   Henderson, Nevada 89014. The second loan ("Loan 4834") deals with property located in Blakely

23   Island, Washington. The third loan ("Loan 6024") is a refinance of one of the prior loans, although it

24   remains unclear which of the prior loans was to be refinanced. It appears that Chase attached one

25   relevant prerequisite to Loan 6024: that Chase Loan 4834 must be satisfied (#28, Ex. I-3). This was

26   done, leaving the Blakely property unencumbered and the Cypress Manor property subject to both

1  Loan 0448 and Loan 6024. Plaintiff contends that both parties intended the refinance to extinguish

2  Loan 0448–the first Cypress Manor loan–and not the Blakely loan, Loan 4834 (#32; 2:21-25).

3  II. Summary Judgment Standard

4      Summary judgment may be granted if the pleadings, depositions, answers to interrogatories,

5  and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any

6  material fact and that the moving party is entitled to a judgment as a matter of law.  See Fed. R. Civ.

7  P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The moving party bears the

8  initial burden of showing the absence of a genuine issue of material fact.  See Celotex, 477 U.S. at

9  323.  The burden then shifts to the nonmoving party to set forth specific facts demonstrating a

10  genuine factual issue for trial.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574,

11  587 (1986); Fed. R. Civ. P. 56(e).

12      All justifiable inferences must be viewed in the light must favorable to the nonmoving party.

13  See Matsushita, 475 U.S. at 587.  However, the nonmoving party may not rest upon the mere

14  allegations or denials of his or her pleadings, but he or she must produce specific facts, by affidavit

15  or other evidentiary materials provided by Rule 56(e), showing there is a genuine issue for trial.  See

16  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  The court need only resolve factual

17  issues of controversy in favor of the non-moving party where the facts specifically averred by that

18  party contradict facts specifically averred by the movant.  See Lujan v. Nat'l Wildlife Fed'n., 497

19  U.S. 871, 888 (1990); see also Anheuser-Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 345

20  (9th Cir. 1995) (stating that conclusory or speculative testimony is insufficient to raise a genuine

21  issue of fact to defeat summary judgment).  "[U]ncorroborated and self-serving testimony," without

22  more, will not create a "genuine issue" of material fact precluding summary judgment. Villiarimo v.

23  Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).

24      Summary judgment shall be entered "against a party who fails to make a showing sufficient

25  to establish the existence of an element essential to that party's case, and on which that party will

26  bear the burden of proof at trial."  Celotex, 477 U.S. at 322.  Summary judgment shall not be granted

1   if a reasonable jury could return a verdict for the nonmoving party.  See Anderson, 477 U.S. at 248.

2   However, [i]f the evidence is merely colorable, or is not significantly probative, summary judgment

3   may be granted." Id. (internal citations omitted).

4   III. Analysis

5       Plaintiff here brings a Motion for Summary Judgment as to his claim for quiet title. At

6   bottom, Plaintiff requests this Court to make "a judicial determination of all adverse claims to

7   disputed property." Del Webb Conservation Holding Corp. v. Tolman, 44 F. Supp. 2d 1105, 1110

8   (D. Nev. 1999) citing Nev. Rev. Stat. § 40.010.

9       Plaintiff asserts that the funds from Loan 6024 should have been applied to extinguish Loan

10  0448 (the first Cypress Manor loan) rather than Loan 4834 (the Blakely loan), and therefore asks the

11  Court to extinguish the second lien against the Cypress Manor property. To support his claim,

12  Plaintiff alleges that both parties believed that the refinance was intended to extinguish Loan 0448

13  and not Loan 4834 (#32; 2:21-25). However, at least some documents exist which require Loan 4834

14  to be satisfied in the refinance, not Loan 0448 (#28, Ex. I-3). Further, Plaintiff appears to concede

15  that the documentation supports Defendant's argument:

16          Defendant points to Plaintiff's deposition and the documents surrounding the
            transaction to contend that the funds for the 2006 loan [Loan 6024] were correctly

17          applied [to Loan 4834]. However, Defendant clearly avoids acknowledging that
            Plaintiff, through the entire refinance process, thought that the loan numbers included

18          in the documents were for the Cypress Manor Property - not the Blakely Property."

19  (#32; 2:12-15).

20      Unsurprisingly, the Court lacks sufficient information to determine that both parties'

21  intentions contradicted the written documentation, a position clearly opposed by Defendant. Thus,

22  Plaintiff fails to demonstrate that no genuine issue of material fact exists as to which loan was

23  intended to be extinguished. Rather, this Motion has highlighted the substantial factual questions

24  which remain. Accordingly, summary judgment is inappropriate. Further, as Plaintiff is not a

25  "prevailing party," his petition for fees under N.R.S. 18.010(2)(b) is premature at best.

26  ///

3

IV. Conclusion

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment (#24) is **DENIED**.

DATED this 16th day of September 2013.

_____
Kent J. Dawson
United States District Judge